THOMPSON POULTRY, INC., APPELLANT, V. FIRST NATIONAL BANK OF YORK, APPELLEE.

255 N. W. 2d 856

Filed July 13, 1977. No. 41070.

Barlow, Johnson, DeMars & Flodman and Stephen L. Ahl, for appellant.

Ginsburg, Rosenberg, Ginsburg, & Krivosha and Rodney P. Cathcart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an action on a "Bank Money Order" drawn on the defendant bank and payable to the plain-

tiff. The money order was purchased by S & H Poultry Inc., on February 9, 1973, and delivered to the plaintiff in payment for a load of poultry products. After S & H had received the poultry from the plaintiff it decided to go out of business and returned the poultry to the plaintiff later that same day. When the defendant refused to honor the money order this action was commenced.

The trial court found generally in favor of the defendant and dismissed the action. The plaintiff has appealed.

The plaintiff's theory of the case is that the defendant had no right to stop payment on the money order because the issuance of the money order constituted an acceptance by the defendant and it was bound to pay the instrument according to its tenor.

A bank money order is essentially the same as a cashier's check. First Nat. Bank of Mineola v. Farmers & M. State Bank (Tex. Civ. App.), 417 S. W. 2d 317. It is a bill of exchange drawn by a bank upon itself and accepted in advance by the act of issuance. It is not subject to countermand by either its purchaser or the issuing bank. A bank money order, purchased for adequate consideration, unlike an ordinary check, stands on its own foundation as an independent, unconditional, and primary obligation of the bank. § 3-410, U. C. C.; § 4-303 U. C. C.; Pennsylvania v. Curtiss Nat. Bank, 427 F. 2d 395. It is equivalent to a negotiable promissory note of the bank. TPO Inc. v. Federal Deposit Insurance Corp., 487 F. 2d 131.

The defendant alleged that the plaintiff gave no consideration for the money order and that the plaintiff was seeking to enforce a fraud against the defendant.

The money order in question was paid for by a check issued to the defendant by S & H. In response to a request for admissions the defendant admitted that it received "cash or other valuable considera-

tion" from S & H at the time the money order was issued. The record shows conclusively that the defendant received consideration for the money order.

The plaintiff delivered a load of poultry to S & H at the time the plaintiff received the money order. The poultry was the consideration given by the plaintiff and received by S & H for the money order. The transaction was then complete. The defendant had received consideration from S & H, S & H had the poultry, and the plaintiff had the money order. Later the same day, S & H decided to go out of business. It then returned the poultry to the plaintiff. There is nothing in the record to show that S & H had any right to rescind or revoke its acceptance of the poultry or that the plaintiff was obligated to accept a return of the poultry. S & H was indebted to the plaintiff for prior transactions, and in the absence of an agreement to the contrary, the plaintiff had a right to accept a return of the poultry and credit S & H for the value of the poultry returned to it.

The defendant's theory of fraud was based on an allegation that the plaintiff had agreed to apply money orders only to future purchases. This contention has no support in the record.

The evidence does show that, on November 21, 1972, a check issued to the plaintiff by S & H was returned by the defendant for insufficient funds. S & H was indebted to the plaintiff in the amount of $6,700 at that time. The plaintiff then told the defendant that the plaintiff would not sell poultry to S & H in the future unless payment was made by a money order direct to the plaintiff from the bank. S & H executed and delivered promissory notes amounting to $6,700 to the plaintiff for the amount it owed the plaintiff, and, thereafter all sales by the plaintiff to S & H were on a "cash" basis.

There is no evidence the plaintiff agreed to apply money orders only to future purchases, that the defendant had an interest in the poultry purchased by

S & H, or that the proceeds from the sale of the poultry would be used only to pay the indebtedness of S & H to the defendant. The executive vice-president and cashier of the defendant testified only that the plaintiff agreed to give S & H "some time" to pay the indebtedness represented by the promissory notes.

There is evidence that after S & H had decided to go out of business the defendant instructed S & H to either try to get the poultry returned and pick up the money order or sell the poultry the next morning. The plaintiff was not bound by the defendant's instructions to S & H and was not required to accept a return of the poultry or return the money order to S & H.

The evidence will not sustain a finding that the defendant received no consideration for the money order or that the retention of the money order by the plaintiff was a fraud on the defendant.

The judgment of the District Court is reversed and the cause remanded with directions to enter judgment for the plaintiff in accordance with the prayer of the amended petition.

REVERSED AND REMANDED WITH DIRECTIONS.